Derry District Court
No. 2010-249

DEUTSCHE BANK NATIONAL TRUST COMPANY

v.

JAMES KEVLIK & a.

Argued: February 17, 2011
Opinion Issued: April 28, 2011

*Orlans Moran, PLLC*, of Boston, Massachusetts (*John T. Precobb*on the brief and orally), for the plaintiff.

*William C. Sheridan*, of Londonderry, on the brief and orally, for the defendants.

CONBOY, J. The defendants, James Kevlik, Catherine Kevlik, and Patricia Durgin, appeal an order of the Derry District Court (*Coughlin*, J.) denying their motion to dismiss and granting judgment to the plaintiff, Deutsche Bank National Trust Company, in its action for possession of real estate located in Chester. *See* RSA 540:12 (2007). We reverse.

The following facts are supported by the record or are undisputed. Through its attorney, the plaintiff filed a landlord and tenant writ, alleging that: (1) the plaintiff was entitled to possession of the property; (2) the defendants had been provided with an eviction notice; and (3) the defendants had refused to deliver the property. In the eviction notice, attached to its writ, the plaintiff alleged that it was the current owner of the property "as a result of the foreclosure of a [m]ortgage, which foreclosure sale was held at the [p]roperty on June 12, 2009." On the day of the merits hearing, the defendants filed a motion to dismiss asserting that a foreclosure sale had never taken place.

At the merits hearing, the Kevliks appeared without counsel. Defendant Durgin did not appear. The plaintiff's attorney appeared without his client and proffered copies of the landlord and tenant writ with an "affidavit of ownership," a foreclosure deed with an attached statutory affidavit, and a mortgage assignment, all of which the trial court allowed into evidence over the defendants' objection. The assignment, dated on January 25, 2009, indicates a transfer of a mortgage executed by defendant Patricia Durgin from Mortgage Electronic Registration Systems, Inc. (as nominee of SouthStar Funding, LLC) to IndyMac Bank F.S.B. The July 20, 2009 foreclosure deed purports to describe a sale of the property from One West Bank, F.S.B., to the plaintiff at a June 12, 2009 foreclosure auction.

At the hearing, the plaintiff's attorney admitted that the foreclosure and assignment documents were not certified and that he could not attest to their authenticity. Plaintiff's attorney acknowledged that his firm had not handled the foreclosure sale and that he did not know what the mortgage payments had been. Until the hearing, he was not aware that the Kevliks were related to Patricia Durgin, the mortgagor, and did not know what, if any, rental agreement they had. When asked by the trial court to name a

reasonable rent for the property, plaintiff's attorney suggested five hundred dollars per month. When questioned further on that point by the trial court, he admitted he was "not from this area."

The Kevliks argued that they had videotape evidence that no foreclosure sale had occurred. The trial court, however, refused to consider this evidence, characterizing the defendants' argument as contesting title to the property. The trial court told the Kevliks that they would have to pay "recognizance" to the plaintiff of $348.84 per week pending their entry of an action in superior court.

The Kevliks told the trial court they did not wish to pursue the matter in superior court, but requested a continuance in order to consult with counsel. Plaintiff's attorney did not oppose this request, stating that, "in the interest of fairness, they should have an attorney here." However, the trial court denied the motion to continue as well as the motion to dismiss, and took the matter under advisement. Subsequently, the trial court ordered judgment in favor of the plaintiff. In its order, the trial court also stated that, "One week after the [h]earing on the [m]erits . . .[,] the tenants paid $348.84 into the Court and the Court accepted the payment. However, the Court accepted said payment with regards to an appeal to the New Hampshire Supreme Court regarding the Landlord/Tenant action and not a plea of title transfer to the Superior Court."

The defendants moved for reconsideration, again asserting that a foreclosure sale had not, in fact, taken place. They explained that the auctioneer arrived thirty minutes late for the scheduled sale, sat in his car for five minutes, and then drove away. No buyer or anyone else appeared. The defendants argued that the plaintiff could not have purchased the mortgage at the foreclosure sale and therefore did not have standing to evict the defendants. The court denied this motion.

On appeal, the defendants argue that the plaintiff failed to carry its burden of demonstrating that it was the owner of the property, and, thus, the plaintiff is not entitled to judgment. Specifically, the defendants maintain that the documents submitted by the plaintiff's attorney were insufficient to establish ownership because the evidence was based on "incompetent and unauthenticated hearsay." Further, the defendants assert, the trial court should have permitted them to challenge the plaintiff's "offer[s] of proof."

The issue before us presents a question of statutory interpretation. We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. *Kenison v. Dubois*, 152 N.H. 448, 451 (2005). We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used. *Id.* We review the trial court's interpretation of a statute *de novo. Id.*

█ █ RSA 540:17 (2007) provides:

> If the defendant shall plead a plea which may bring in question the title to the demanded premises he shall forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter his action in the superior court for the county at the next return day, and to prosecute his action in said court, and to pay all rent then due or which shall become due pending the action, and the damages and costs which may be awarded against him.

Although the statute requires title issues to be resolved in superior court, it does not relieve a possessory plaintiff of the obligation to establish ownership of the subject property. Possessory actions are authorized by RSA 540:12, which provides that, "[t]he owner, lessor, or purchaser at a mortgage foreclosure sale of any [property] may recover possession thereof from a lessee, occupant, mortgagor, or other person in possession . . . after notice in writing to quit the same . . . ." In *Liam Hooksett, LLC v. Boynton*, 157 N.H. 625 (2008), we addressed the required ownership element of a possessory action brought pursuant to RSA 540:12. In that case, the defendants asserted that an individual other than the plaintiff actually owned the property. *Liam Hooksett*, 157 N.H. at 627. At the hearing, the plaintiff's manager appeared on its behalf, but she did not testify that the plaintiff was the owner of the property. *Id.* at 628. Rather, she presented to the court an "Affidavit of Ownership/Tenancy" that purported to "certify" that the plaintiff was the owner, but the document was not notarized, signed under oath, or admitted into evidence. *Id.* On that record, we agreed that the plaintiff had not carried its burden to demonstrate that it was the actual owner of the property. *Id.* "The plaintiff filed a writ seeking possession of the property. Thus, to prevail in this action, the plaintiff was required to prove that it was the 'owner, lessor, or purchaser at a mortgage foreclosure sale' of the property." *Id.* The same is true here.

█ Here, the plaintiff's attorney presented, as proof of ownership, uncertified copies of a foreclosure deed and affidavit and a mortgage assignment. He did not, however, have first-hand knowledge as to the authenticity of the documents and presented no other proof of their authenticity. The rules of evidence provide that a copy of a public record is admissible only when it is either: (1) certified as correct by a custodian or other authorized person; or (2) accompanied by the testimony of a witness who has compared it to the original and found it to be correct. *See* N.H. R. Ev. 902(4), 1005. Because the plaintiff satisfied neither requirement, the trial court erred in admitting and relying upon these documents.

■ Plaintiff's attorney also submitted a copy of the landlord and tenant writ and attachments, including an "affidavit of ownership." This "affidavit" stated that plaintiff's attorney was "certifying" that the plaintiff was the owner of the subject property, but the purported affidavit was not notarized or signed under oath. Further, the initials next to the name on the signature line indicate that it was actually signed by another individual, "C.M.S." Thus, it was error for the trial court to admit and rely on that document. *See Liam Hooksett*, 157 N.H. at 628.

On this record, we conclude that the plaintiff has not carried its burden to show ownership of the property. Accordingly, we reverse the trial court's decision to grant judgment to the plaintiff.

We note the limited nature of our holdings herein. Had the plaintiff proffered authenticated documents, with supporting testimony if necessary, regarding the foreclosure sale, or other proof of its ownership of the property, the trial court could have properly ruled on the issue of the plaintiff's entitlement to possession because the defendants stated they did not wish to file a title action in superior court. The defendants would not have been able to pursue their challenge to the plaintiff's title in the district court. *See Bank of N.Y. Mellon v. Cataldo*, 161 N.H. 135 (2010).

*Reversed.*

DALIANIS, C.J., and DUGGAN, HICKS and LYNN, JJ., concurred.