# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2021-0219, <u>Wells Fargo Bank, N.A. v. Barbara Hagan</u>, the court on August 24, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Barbara Hagan, and the intervenors, Peter and Janet Saunders (the Saunders), appeal orders of the Superior Court (<u>Nicolosi</u>, J.) relating to the granting of a declaratory judgment in favor of the plaintiff, Wells Fargo Bank, N.A. (Wells Fargo). We affirm.

The trial court found the following facts undisputed or "not adequately contested with contradictory facts" on summary judgment. We recite only the facts relevant to disposition of this appeal. In March 2004, the Saunders bought the property at issue (the Property). In February 2005, the Saunders executed a mortgage on the Property identifying First Magnus as the lender and MERS as the mortgagee, as nominee. Janet Saunders executed the corresponding note to First Magnus the same day. In December 2009, MERS assigned its interest in the mortgage to Wachovia Bank, N.A., which entity later merged with Wells Fargo.

In 2010, Wells Fargo began foreclosure proceedings on the Property, which the Saunders sought to enjoin. After an initial grant of temporary relief, the Saunders were denied an injunction and their claim for promissory estoppel was decided against them on summary judgment. We affirmed. <u>See Saunders v. Wells Fargo Bank, N.A.</u>, No. 2014-0265 (non-precedential order), 2015 WL 11071265 (N.H. Feb. 12, 2015).

Wells Fargo then began the foreclosure process again, and bought the Property at the foreclosure sale on December 4, 2015. On November 30, however — four days prior to the foreclosure sale — the Saunders deeded the Property to Hagan for "Love and Affection and No Other Consideration." Hagan has allowed the Saunders to continue to live at the Property.

In 2016 and 2017, the Saunders sued Wells Fargo and others in federal court, raising challenges related to the 2005 note and mortgage. After the first federal suit was dismissed voluntarily, the second was dismissed for failure to state a claim.

On May 14, 2018, Wells Fargo filed the instant action against Hagan alleging claims for a plea of title, abuse of process, conversion, tortious interference with contractual relations, civil conspiracy, and slander of title. The trial court dismissed the claims for abuse of process, conversion, and tortious interference with contractual relations, but found the remaining claims sufficiently pled. The court also allowed the Saunders to intervene.

In March 2020, the trial court granted Wells Fargo's motion for summary judgment on its claim for a plea of title, "declar[ing] Wells Fargo's title to the Property free and clear of any interest or claim of Ms. Hagan." Citing the previous state and federal lawsuits, the court found that the doctrines of res judicata and collateral estoppel barred Hagan and the Saunders from relitigating issues related to the 2005 note and mortgage, and that "any complaints about the noticing of the sale or the validity of [the] foreclosure process" were barred as untimely.

In April 2021, the court granted Wells Fargo's request for a voluntary nonsuit of its remaining claims with prejudice, allowing the case to proceed to an appealable final judgment. Following denial of their motions to reconsider, Hagan and the Saunders brought the instant appeal.

Hagan and the Saunders argue that the trial court erred in finding that Wells Fargo had standing to bring the instant action, and, as a result, erred in finding that the court had jurisdiction. "Standing under the New Hampshire Constitution requires parties to have personal legal or equitable rights that are adverse to one another, with regard to an actual, not hypothetical, dispute, which is capable of judicial redress." Avery v. Comm'r, N.H. Dep't of Corr., 173 N.H. 726, 737 (2020). "In evaluating whether a party has standing to sue, we focus on whether the party suffered a legal injury against which the law was designed to protect." Id.

Hagan and the Saunders assert that Wells Fargo "cannot demonstrate concrete injury" because "at no time had there been any nexus between [the Saunders and Wells Fargo] through any assignment of the debt." (Bolding omitted.) The trial court found, however, that "the doctrines of res judicata and collateral estoppel bar the Saunders and their successor in interest, Ms. Hagan, from relitigating issues relative to events that happened before the resolution of the prior lawsuits." As the United States District Court found when it ruled that the Saunders were "collaterally estopped from re-litigating the propriety of the loan transaction" in the federal litigation, "the validity of the transfer of the note and mortgage assignment . . . were considered and rejected by the New Hampshire Superior and Supreme Courts." Saunders v. First Magnus Fin. Corp., No. 17-CV-27-JL, 2018 WL 3432721, at *8 n.37 (D.N.H. July 16, 2018); see also Saunders, No. 2014-0265 (non-precedential order), 2015 WL 11071265.

Hagan and the Saunders do not challenge the merits of the trial court's res judicata and collateral estoppel rulings. Accordingly, those same doctrines preclude Hagan and the Saunders from relitigating the validity of the assignment in this appeal. For the same reason, we reject Hagan's and the Saunders' argument that Wells Fargo "had no legal interest to protect as a result of the void assignment, and, thus, no standing." (Bolding omitted.)

Hagan and the Saunders next argue that the trial court "erred in failing to address rescission effected under the Truth in Lending Act (TILA), pursuant to 15 U.S.C. § 1635 et seq." See 15 U.S.C. § 1635 (2018) (providing right of rescission with respect to certain transactions). The court did address that issue, however, and was "unpersuaded that the mortgage on the property was validly rescinded," because "the Saunders' right to rescind the mortgage expired, at the latest, on or about February 8, 2008," but "their rescission letter was not submitted until May 4, 2015."

On appeal, Hagan and the Saunders assert that shortly after February 2015, Janet Saunders learned that a two percent yield spread premium had been charged and "concealed through the hiking of the locked interest rate." Hagan and the Saunders contend that rescission was effected "within the time frame specified in the implementing regulations" because "Janet received monthly statements bearing the manipulated interest rate until November, 2015" and that "[t]hose statements constituted discrete continuing violations as to concealment, even under NH 'debt' law." We disagree.

The TILA's "conditional right to rescind does not last forever. Even if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 262 (2015) (quoting 15 U.S.C. § 1635(f)). Accordingly, "the three year period for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled," Pratap v. Wells Fargo Bank, N.A., 63 F. Supp. 3d 1101, 1112 (N.D. Cal. 2014), or "prolong[ed] . . . under a 'continuing violation' theory," King v. State of Cal., 784 F.2d 910, 914 (9th Cir. 1986) (rejecting continuing violation theory with respect to statute of limitations for a damages claim under the TILA based, in part, on ground that it is unavailable under § 1635(f)).

Hagan and the Saunders next assert that the trial court erred in denying Hagan's pleas in bar, in which she claimed that "[o]wnership and possession are vested in [her]" by virtue of a writ of possession issued to her in 2017. Specifically, on April 14, 2017, Hagan brought a landlord and tenant action against Wells Fargo in the circuit court, alleging that Wells Fargo was in possession of the Property without right and certifying, in an "affidavit of ownership," that she owned the Property. Wells Fargo apparently either failed to appear or failed to file an answer, and a notice of default issued.

Subsequently, Wells Fargo moved to vacate the default, arguing that the court lacked jurisdiction because Wells Fargo was not a tenant, but rather, was the owner of the property. On August 24, 2017, the circuit court issued an order striking the default. The court concluded that Wells Fargo had asserted a plea of title pursuant to RSA 540:17 and, accordingly, ordered the case transferred to superior court. See RSA 540:17 (2021). The complaint in this case followed.

The trial court in the instant action denied Hagan's special plea in bar and her motion to dismiss for lack of subject matter jurisdiction pursuant to a special plea in bar on the following grounds: "1. There is no final judgment in the possessory action as a result of the Circuit Court's orders in August, 2017 and thereafter; and 2. the Circuit Court could not and did not render judgment on the issue of title, a decision which rests exclusively with this Court."

On appeal, Hagan and the Saunders appear to challenge both grounds, but we need only address the second, as it is dispositive. Citing Deutsche Bank National Trust Co. v. Kevlik, 161 N.H. 800 (2011), Hagan and the Saunders assert that "[t]o prevail in a 540:12 action, Hagan had to establish ownership." They then argue that "[w]hile the superior court may have jurisdiction over title cases, that doesn't prevent Hagan's ownership status from being established as a result of the final-decision-on-the-merits outcome of the possessory action." They are mistaken.

The district division of the circuit court does not have jurisdiction to determine title to real property; that jurisdiction lies with the superior court. See RSA 491:7 (Supp. 2022) (providing, in relevant part, that "[t]he superior court shall take cognizance of civil actions and pleas, real, personal, and mixed" (emphasis added)); RSA 502-A:14, I, II (2010) (providing district court with jurisdiction, either exclusive or concurrent with the superior court, over specified matters in which "the title to real estate is not involved"); see also RSA 490-F:3 (Supp. 2022) (providing, in relevant part, that "[t]he circuit court shall have the jurisdiction, powers, and duties conferred upon the former . . . district courts . . . by . . . RSA 502-A"). Our discussion in Kevlik of the "possessory plaintiff['s] . . . obligation to establish ownership of the subject property" was related to the plaintiff's statutory standing to bring a possessory action under RSA 540:12. Kevlik, 161 N.H. at 803; see RSA 540:12 (2021). As we noted, that statute specifically authorizes "'[t]he owner, lessor, or purchaser at a mortgage foreclosure sale of any [property]'" to bring such an action. Kevlik, 161 N.H. at 803 (quoting RSA 540:12). Nothing in Kevlik suggests that either a showing of ownership sufficient to establish standing or a writ of possession issued in a landlord and tenant action establishes title to property. Indeed, we explicitly noted that "the statute requires title issues to be resolved in superior court" and that "[t]he defendants would not have been able to pursue their challenge to the plaintiff's title in the district court." Id. at 803, 804.

4

Accordingly, Hagan's pleas in bar based on the 2017 writ of possession were properly denied.

Hagan and the Saunders also assert, "[s]tanding issues aside, the court did not dismiss the action as it should have for lack of subject matter jurisdiction pursuant to RSA 498:5-a." (Bolding omitted.) They cite two cases, but provide no explanation of how the trial court allegedly erred. Accordingly, we decline to address this argument. See White v. Auger, 171 N.H. 660, 665 (2019) ("[W]e will not address arguments that a party has not sufficiently developed in its brief.").

Finally, Hagan and the Saunders raise constitutional claims under a number of provisions of the United States and New Hampshire Constitutions. They first assert that the trial court denied them due process by allowing Wells Fargo, "which had no standing, to invoke its jurisdiction." Having rejected their standing argument, however, we necessarily reject this argument as well.

Hagan and the Saunders further argue that the trial court "continuously compromised [their] right to be heard in the right manner and at the right time (e.g., going so far as to Order that MTRs not be filed — they were not needed to preserve exceptions for appeal.)" (Citation omitted.) As the appealing parties, Hagan and the Saunders have the burden of demonstrating reversible error. Id. at 663. "For an error to require reversal on appeal, it must have been prejudicial to the party claiming it." In the Matter of Sweatt & Sweatt, 170 N.H. 414, 421 (2017) (quotation omitted). Hagan and the Saunders do not explain how their single example of alleged error prejudiced them, particularly given that they acknowledge their ability to appeal was not impaired. To the extent they raise other constitutional claims, those claims are not sufficiently developed for our review and we decline to address them. See White, 171 N.H. at 665.

For the foregoing reasons, we affirm.

Affirmed.

HICKS and BASSETT, JJ., concurred; ABRAMSON, J., retired superior court justice, specially assigned under RSA 490:3, concurred.

**Timothy A. Gudas,**
**Clerk**

5